# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                    Case No. 8:21-cv-587-KKM-AAS

ELIZABETH THOMPSON, M&L
THOMPSON ENTERPRISES, INC.
D/B/A LIBERTY TAX SERVICE,

    Defendant.
_____/

## ORDER AND JUDGMENT OF PERMANENT INJUNCTION

The parties have jointly moved this Court to enter an Order and Judgment of Permanent Injunction. (Doc. 4). The joint motion is **GRANTED** and the following Order and Judgment of Permanent Injunction Against Defendants Elizabeth Thompson and M&L Thompson Enterprises, Inc. is entered. It is **ORDERED**:

    1.    Defendants Elizabeth Thompson and M&L Thompson Enterprises, Inc., and anyone in active concert or participation with them, are **PERMANENTLY ENJOINED**, pursuant to 26 U.S.C. § 7402(a), effective from the date of entry of this Order, from directly or indirectly:

        A.    Acting as federal tax return preparers, or filing, assisting in, or directing the preparation or filing of federal tax returns, amended returns, or other related documents or forms for any person or entity other than their own

tax returns (or any joint tax return filed by Elizabeth Thompson and her spouse);

  B. Owning, operating, managing, working in or for, volunteering with, investing in, providing capital or loans to, controlling, licensing, consulting with, selling advice or training services to, or franchising a tax return preparation business;

  C. Profiting from the sale of any tax return preparation service or the sale of any product or service sold by a tax return preparation business, except for: (1) payments owed to them from the sale of their tax preparation business prior to entry of this order and judgment of permanent injunction; and (2) only if those payments are specific amounts set by the sales contract and are not dependent on the performance of any tax preparation business (e.g., dependent upon the volume of tax returns filed by the purchaser, or the amount of fees collected from tax return preparation customers).

  D. Entering into any contract or agreement (written or oral) with any individual or entity that operates a tax return preparation business to operate any business from a location that shares the same address as a tax return preparation business;

  E. Marketing, selling, or otherwise offering any products or services to a tax return preparer or tax return preparation business, that are, in turn, sold or marketed to tax return preparation customers and affect the amount or method of disbursement of tax refunds;

  F. Training, advising, counseling, instructing, or teaching anyone about the preparation of federal tax returns;

  G. Maintaining, transferring, assigning, holding, using, or obtaining a Preparer Tax Identification Number (PTIN) or an Electronic Filing Identification Number (EFIN);

  H. Representing anyone other than herself before the IRS; and

  I. Engaging in any other conduct that is subject to penalty under the Internal Revenue Code or that interferes with the proper administration and enforcement of the internal revenue laws.

 2. Elizabeth Thompson and M&L Thompson Enterprises, Inc. shall, without further proceedings, immediately and permanently close all tax return preparation stores that Elizabeth Thompson or M&L Thompson Enterprises, Inc. own, directly or indirectly, or through any other entity or under any other name, and divest from any full or partial ownership in any tax return preparation business. Elizabeth Thompson and M&L Thompson Enterprises, Inc. shall, within **45 days** of entry of this Order and Judgment of Permanent Injunction, file with the Court a certification signed under penalty of perjury affirming that they have complied with this requirement.

 3. Elizabeth Thompson and M&L Thompson Enterprises, Inc. are barred from: (1) selling or transferring to any individual or entity a list of customers, or any customer information they obtained from operation of their tax return preparation business; and (2) selling to any individual or entity any proprietary information

3

pertaining to their tax preparation business.

4. Elizabeth Thompson and M&L Thompson Enterprises, Inc. shall, within **30 days** of receiving the Court's order, contact by U.S. mail and, if an e-mail address is known, by e-mail, all persons for whom they and their tax return preparation stores have prepared federal tax returns, amended tax returns, or claims for refund since January 1, 2017, enclosing a copy of this injunction. Other than the injunction, no additional materials may be included in the notification to their customers unless approved by the United States or the Court. Elizabeth Thompson and M&L Thompson Enterprises, Inc. shall file with the Court, within **15 days** thereafter, a sworn certificate stating that they have complied with this requirement or, in the alternative, are unable to comply with this requirement because they no longer have contact information for these customers in their possession or control.

5. Elizabeth Thompson and M&L Thompson Enterprises, Inc. shall, within **30 days** of entry of this Order and Judgment of Permanent Injunction, permanently delete Facebook pages, or pages located on any other social media site or website under her control or the control of M&L Thompson Enterprises, Inc., connected with any tax return preparation business that they either own, control, or manage. Elizabeth Thompson and M&L Thompson Enterprises, Inc. shall, within **45 days** of entry of this Order and Judgment of Permanent Injunction, file with the Court a certification signed under penalty of perjury affirming that they have complied with this requirement.

6. Elizabeth Thompson and M&L Thompson Enterprises, Inc. shall file a

certification within **45 days** of entry of this Order and Judgment of Permanent Injunction that they received a copy this Order and Judgment of Permanent Injunction.

7. The United States may engage in post-judgment discovery to monitor compliance with this injunction.

8. Neither Elizabeth Thompson nor M&L Thompson Enterprises, Inc. shall make any statements, written or verbal, or cause or encourage others to make any statements, written or verbal, that misrepresent any of the terms of this injunction.

9. This Court retains jurisdiction over this action for purposes of implementing and enforcing the final judgment.

10. The Clerk is directed to close the case and terminate all pending motions and deadlines.

**ORDERED** in Tampa, Florida, on March 19, 2021.

_____
Kathryn Kimball Mizelle
United States District Judge